**NOT FOR PUBLICATION**

## UNITES STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JAMES BEAUVIL,<br><br>Defendant. | Criminal Action No. 19-00180 (GC)<br><br>**MEMORANDUM OPINION** |

**CASTNER, District Judge**

**THIS MATTER** comes before the Court upon *pro se* Defendant James Beauvil's Application for Early Termination of Supervised Release. (ECF No. 30.) The United States of America (the "Government") opposes the application. (ECF No. 32.) The Court has carefully considered the submissions and decides the matter without oral argument under Local Civil Rule 78.1(b), which applies to criminal cases pursuant to Local Criminal Rule 1.1. For the reasons set forth herein, and other good cause shown, Defendant's application is **DENIED** without prejudice.

**I.      BACKGROUND**

On March 7, 2019, Defendant was charged with a five-count indictment that alleged that, from around July 2018 through August 27, 2018, he had conspired and agreed to possess with intent to distribute 40 grams or more of a mixture and substance containing a detectable amount of fentanyl and heroin. (ECF No. 16.)

Four months later, on July 11, 2019, Defendant pleaded guilty to conspiracy to distribute fentanyl and heroin in violation of 21 U.S.C. § 846. (ECF No. 23.) As part of the plea, Defendant agreed to "voluntarily waive[] the right to file appeal . . . or any other writ or motion, . . . which

challenges the sentence imposed by the sentencing court if that sentence falls within the Guidelines range that results from the agreed total Guidelines offense level of 23." (*Id.* at 9.[1])

On January 15, 2020, Defendant was sentenced to 60 months of imprisonment and to five years of supervised release. (ECF No. 26 at 2-3 (Wolfson, C.J.).) The Court recommended that Defendant, during his imprisonment, participate in the Residential Drug Abuse Program. (*Id.* at 2.) Among special conditions of supervised release, Defendant was instructed to refrain from the unlawful possession or use of drugs and alcohol and to submit to testing, when directed, to confirm compliance. (*Id.* at 3.) Defendant was released from custody on November 30, 2021,[2] and his term of supervision is set to expire on November 29, 2026. (ECF No. 32 at 2.)

On July 1, 2023, Defendant sent a single-page letter to the Court to request the early termination of his supervised release. (ECF No. 30.) Defendant writes that he has "diligently complied" with the Court's conditions and taken "full responsibility" for the actions that led to his incarceration. (*Id.*) Among the various factors that Defendant identifies as supporting early termination are: (1) he has been working a steady job since December 2021; (2) he has been spending time with his children; (3) his drug tests have "come back clean every time"; (4) he has had no police contact; and (5) he started and completed a recovery program. (*Id.*)

On July 25, 2023, the Government opposed Defendant's application. (ECF No. 32.) While the Government commends Defendant's compliance with the terms of release, it raises two objections to shortening the five-year period of supervision. *First*, Defendant is alleged to have waived, in the plea agreement, his right to bring such an application because he was sentenced to

---

[1] Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

[2] *See also* WEBSITE OF THE FEDERAL BUREAU OF PRISONS, *Find an inmate*, https://www.bop.gov/inmateloc/ (last visited January 8, 2024).

2

a term of supervision within the Guidelines range for his agreed-upon offense level. (*Id.* at 1-2.) *Second*, Defendant "has not identified any changed circumstances warranting departure from the Court's initial determination," which was appropriate in light of Defendant's criminal history that supposedly included other criminal offenses, including one while Defendant was on a term of state probation. (*Id.* at 5-6.) Defendant did not reply to the Government's opposition.

The Court also received correspondence from this District's Probation Office indicating that it does not oppose Defendant's application. It confirmed that as of July 2023, Defendant had "remained in compliance with supervision conditions" and "tested negative for all substances."

## II.   LEGAL BACKGROUND

By statute, this Court may terminate a term of supervised release prior to its expiration at any time after the expiration of one year of supervised release. 18 U.S.C. § 3583(e)(1). When evaluating motions for early termination, courts begin by considering the following subset of the statutory sentencing factors:[3]

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed— . . .
>
> > (B) to afford adequate deterrence to criminal conduct;
> >
> > (C) to protect the public from further crimes of the defendant; and
> >
> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

---

[3] Two statutory sentencing factors, 18 U.S.C. §§ 3553(a)(2)(A), (a)(3), are excluded from this analysis: the seriousness of the offense and the adequacy of the defendant's punishment. 18 U.S.C. § 3583(e)(1). This omission aligns with probation's primary purpose, which is "to facilitate the integration of offenders back into the community rather than to punish them." *United States v. Sheppard*, 17 F.4th 449, 454 (3d Cir. 2021) (citations omitted).

> . . .
>
> (4) the kinds of sentence and the sentencing range established for—
> . . . [the particular defendant and particular conviction or violation];
>
> (5) any pertinent policy statement— . . . [issued by the Sentencing Commission];
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.
>
> [18 U.S.C. § 3553(a).]

"District courts are not required to make specific findings of fact with respect to each of these factors," but such relief should be granted "only if [the Court] is satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." *United States v. Melvin*, 978 F.3d 49, 52-53 (3d Cir. 2020) (citing 18 U.S.C. § 3583(e)(1)). It is the defendant's burden to show that they qualify for early termination. *United States v. McDowell*, 888 F.2d 285, 291 (3d Cir. 1989).

The Court's decision as to whether to terminate supervised release early is discretionary after examination of the record as whole and consideration of the relevant statutory factors. *Melvin*, 978 F.3d at 52 ("The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." (citation omitted)).

In exercising its discretion, "a district court need not find that an exceptional, extraordinary, new, or unforeseen circumstance warrants early termination of a term of supervised release before granting a motion under 18 U.S.C. § 3583(e)(1)." *Id.* Although such factors are not required, "if a sentence was 'sufficient, but not greater than necessary' when first pronounced," a reviewing

4

court would generally "expect that something will have changed in the interim that would justify an early end to a term of supervised release." *Id.*

### III. DISCUSSION

The Court joins in commending Mr. Beauvil on his reintegration into society and the positive actions he has taken, including maintaining a steady job, spending time with his children, and ensuring that he remains drug free. The Court encourages Defendant to continue on this path. Nevertheless, after careful consideration, the Court will deny without prejudice the application for early termination of supervised release. Defendant's success to date represents supervised release functioning as intended, and the Court sees no reason at this time to deviate from the sentence.

Even setting aside the Government's argument that Defendant should be foreclosed from bringing the present application by virtue of the plea agreement,[4] Defendant has not given any reason why the early termination of supervised release is needed or what change has occurred that warrants a departure. Defendant does not claim that supervision has limited or seriously burdened his personal or professional life since being released, and in the absence of any demonstrated justification for the early termination of federal supervision, it is not in the interest of justice for the Court to grant it—even if Defendant were able to convince the Court, which he has not tried, that his application falls outside the scope of the appellate waiver in the plea agreement.

Specifically, as to the nature and circumstances of the offense and the history and characteristics of the defendant, when applied to Mr. Beauvil, this factor does not favor early termination. While there is reason to applaud Defendant's recent conduct, he is reported to have had five prior adult convictions, two of which were for distribution of a controlled

---

[4] The Government relies on *United States v. Damon*, 933 F.3d 269 (3d Cir. 2019). Defendant did not reply to the Government's arguments about waiver.

substance. (ECF No. 32 at 5-6.) These multiple convictions for similar offenses weigh against ending supervised release early. *See, e.g.*, *United States v. Tiller*, Crim. No. 14-699, 2022 WL 1184793, at *2 (D.N.J. Apr. 20, 2022) ("The Defendant's conduct which is in compliance with the terms of his release is insufficient to outweigh the considerations set forth in 18 U.S.C. § 3553(a).").

As to the need to deter criminal conduct and protect the public from further crimes, this factor is neutral. Defendant's compliant behavior may very well mean that he is committed to living a life within the law; Defendant's completion of his term of imprisonment may also likely deter similar conduct by others. However, continuing supervision until its natural end affords additional deterrence and hopefully ensures that Defendant remains on his positive trajectory.

As to the kind of sentences and sentencing range, Defendant agreed in the plea that he be sentenced to at least four years of supervised release,[5] (ECF No. 23 at 2 ("[T]he sentencing judge must . . . require [Defendant] to serve a term of supervised release of at least 4 years.").), and the five years imposed is within the sentencing range. The Court has not been presented with a persuasive reason to revisit the length of supervision at this time.

As to the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, the Court notes that other district courts have maintained five-year terms of supervised release in similar cases involving drug-related crimes. *See, e.g.*, *United States v. Danzey*, 356 F. App'x 569, 571 (3d Cir. 2009) (affirming denial of motion for early termination of five-year supervised release where "[t]he Government acknowledged [defendant's] success thus far, but cautioned that further supervision was required given his history, the seriousness of the crime, and the sentence he is serving for it."); *United States*

---

[5] As of this date, Defendant has served just over two years of supervised release.

*v. Wright*, Crim. No. 12-93, 2023 WL 3504828, at *2 (W.D. Pa. May 17, 2023) (finding that defendant's "success on supervision will be reinforced by permitting the five-year term to be completed").

IV.     **CONCLUSION**

For the reasons set forth above, and other good cause shown, Defendant's Application for Early Termination of Supervised Release (ECF No. 30) is **DENIED** without prejudice. An appropriate Order follows.

Dated: January 8, 2024

*[signature]*
**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**

7